**Billy Ray BURTON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–513C.**

United States Claims Court.

March 27, 1991.

As Corrected April 2, 1991.

Billy Ray Burton, Pasadena, Cal., plaintiff pro se.

Anthony J. Ciccone, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. David M. Cohen, Director, Thomas W. Petersen, Asst. Director, Major Darrel L. Sechrest, U.S. Air Force, Office of the Judge Advocate General, of counsel.

## OPINION

FUTEY, Judge.

This case is before the court on defendant's motion to dismiss for lack of jurisdiction. Plaintiff, a *pro se* litigant, seeks money damages and military benefits from the United States Air Force for a disabling knee injury. Plaintiff contends that the Air Force Board for Correction of Military Records' (AFBCMR) denial of his request to revise his military record was arbitrary and capricious and should be overturned by the court. In response, defendant maintains, *inter alia*, that the action is time barred by the statute of limitations set forth in 28 U.S.C. § 2501 (1982).

### Factual Background

On October 29, 1976, plaintiff, Billy Ray Burton, enlisted in the United States Air Force and served on active duty at Lackland Air Force Base, Texas, until November 16, 1976. On October 5, 1976, plaintiff underwent a pre-enlistment physical examination. The examination revealed that plaintiff was in good health except for the presence of "torn cartilage" in his left knee. The examination record further noted that plaintiff "states full activity" of the left knee and "denies all else."[1]

Plaintiff visited the base orthopedic clinic on November 8, 1976, his seventh day of training, and complained of a painful left knee. During this visit, plaintiff indicated that he injured his left knee playing basketball and received a lateral meniscectomy in January 1976. Plaintiff also requested an "existing prior to service" (EPTS) release

---

1. Defendant's motion, appendix (app.) 115–16.

from active duty.[2] On November 9, 1976, Major Gilberto Sabater recommended that plaintiff be discharged from the service for an EPTS condition.[3] On November 10, 1976, a three-member medical evaluation board (MEB) found plaintiff unable to perform his required duties and concluded that plaintiff should receive a "[d]ischarge from the service by reason of physical disability which existed prior to service (EPTS) and [which] has not been aggravated thereby."[4] In addition, plaintiff forwarded a request for an early discharge to Major William Skaer, commander of the 3703 Basic Military Training Squadron. In the memorandum, plaintiff stated his understanding that "at the time of my enlistment ... I did not meet the minimum standards of enlistment in the Air Force."[5] Major Skaer approved plaintiff's request on November 10, 1976, subject to the conclusion of the MEB. The MEB's recommendation to discharge plaintiff was approved by Colonel Vincent Martinez on November 11, 1976. On November 12, 1976, plaintiff signed the MEB report, acknowledging in writing that he had "been informed of the findings and recommendations of the Medical Board" and did not take exception to these findings and conclusions.

Plaintiff received an honorable discharge from the Air Force on November 16, 1976. On this date, plaintiff completed a "Service-man's Statement Concerning Application for Compensation from the Veterans Administration," indicating that he did not wish to file an application for disability compensation prior to discharge.[6]

On August 16, 1988, almost 12 years after discharge, plaintiff filed an application with the AFBCMR to correct his military records.[7] More specifically, plaintiff requested that the November 12, 1976, MEB report be revised to state that: (1) his knee condition did not exist prior to service; (2) he sustained his knee injury on active duty while entitled to basic pay; and (3) his injury was aggravated by military service.[8] Plaintiff sought these revisions in order to obtain disability benefits.

On May 9, 1989, the AFBCMR denied plaintiff's application as untimely, noting that the request for correction was not filed within 3 years "after the alleged error or injustice was discovered" as required under 10 U.S.C. § 1552. Upon reconsideration, the AFBCMR decided to waive plaintiff's untimely filing and proceed to the merits of the case.[9] On May 1, 1990, the AFBCMR declined to amend the November 12, 1976, medical report, concluding that there was no evidence suggesting that plaintiff suffered a knee injury while on active duty or sustained permanent aggravation of the pre-existing injury beyond the normal progression of the condition.[10]

2. SF–513 Clinical Record, Consultation Sheet, defendant's motion, app. 123.

3. Major Sabater noted in his clinical report that plaintiff's injury "existed prior to service and has not been aggravated by service beyond the normal progression of the disease." SF–502, Clinical Record, defendant's motion, app. 122.

4. AF Form 618, Medical Board Report, defendant's motion, app. 123.

5. Defendant's motion, app. 100.

6. This document stated in part:
Each officer and airman being processed for separation from active military service for any reason who has undergone prolonged hospitalization, or suffered from wounds, injury or disease while in service, is advised to apply for compensation from the Veterans Administration by completing VA Form 21–526e, Veterans Application for Compensation or Pension. *Each individual who had a physi-*

*cal defect when he entered the service which he feels was aggravated by military service should file VA Form 21–526e....* [I]f you do intend to file, it is advisable to do so before you leave the service as at that time your medical records are more easily obtainable. [Emphasis added.]
Defendant's motion, app. 102.

7. The Secretary of the Air Force "may correct any military record ... when he considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a).

8. Complaint; *see also* defendant's motion, app. 54.

9. Under 10 U.S.C. § 1552(b), the Air Force Board for Correction of Military Records (AFBCMR) may waive the 3–year statute of limitations prescribed by § 1552 for filing correction claims "in the interest of justice."

10. Defendant's motion, app. 4.

Plaintiff instituted suit in this court on June 11, 1990, contending that the AFBCMR decision was arbitrary, capricious and contrary to the evidence. Plaintiff's complaint seeks $10,000,000.00 in damages, correction of his military records, and payment of military benefits.[11] On September 20, 1990, defendant filed a "Motion to Dismiss, or in the Alternative, for Summary Judgment." In its motion, defendant asserts that the court lacks subject matter jurisdiction over plaintiff's claim because (1) the claim is barred by the 6–year statute of limitations set forth in 28 U.S.C. § 2501; and (2) plaintiff fails to state a Tucker Act claim for money damages since the Air Force predicated his discharge on a pre-existing physical disability and, therefore, never appointed him to disability retirement status. Defendant argues in the alternative that the AFBCMR decision was reasonably based and should not be disturbed by the court.

*Discussion*

The statute of limitations applicable to this court provides that "[e]very claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (1982). A claim first accrues when "all the events have occurred which fix the alleged liability of the United States and entitle the claimant to institute an action." *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct.Cl. 630, 632, 373 F.2d 356 (1967) *cert. denied*, 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967), *reh'g denied*, 390 U.S. 975, 88 S.Ct. 1020, 19 L.Ed.2d 1192 (1968). In disability pay cases, the cause of action generally arises when the appropriate board either denies a claim or refuses to hear the claim. *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir.1990). Release from active duty with-

out physical examination board review is insufficient, in and of itself, to commence the limitations period. *Id., citing Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d 381 (1962), *cert. denied*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). If a service member's entitlement to disability benefits has not been considered by the board prior to discharge, then it is the final decision of the correction board which normally gives rise to the cause of action for statute of limitations purposes. *Friedman*, 159 Ct.Cl. at 25, 310 F.2d at 396; *see also Black v. United States*, 928 F.2d 412 (1991). However, the Federal Circuit recognized in *Real* that the failure to request a disability hearing prior to discharge may trigger the running of the statute of limitations in cases where the service member had full knowledge of the condition. *Real*, 906 F.2d at 1560, citing *Miller v. United States*, 175 Ct.Cl. 871, 361 F.2d 245 (1966) and *Huffaker v. United States*, 2 Cl.Ct. 662 (1983). Therefore, the proper focus is on whether plaintiff had sufficient knowledge of his disability to bring a claim in this court at the time the statute of limitations began to run. *Burns v. United States*, 20 Cl.Ct. 758 (1990).

In the instant case, plaintiff requested separation from the Air Force, acknowledging that he did not meet minimum enlistment standards. Plaintiff's request was approved pending the MEB decision concerning his condition. The MEB did not consider whether plaintiff was entitled to disability benefits, but did determine that plaintiff suffered a pre-enlistment knee injury not aggravated during active service. Plaintiff certified that he was informed of the MEB's conclusion and did not take exception to the MEB report.[12] Furthermore, prior to discharge, the Air Force notified plaintiff that he would not receive disability

11. For purposes of this motion, the court interprets plaintiff's complaint as requesting both severance and retirement pay from the government for his disability.

12. Since plaintiff had performed less than 30 days of service at the time of discharge, he was eligible for severance and retirement pay only if

he sustained a disabling injury during his period of enlistment. 10 U.S.C. §§ 1204(2) and 1206(4). Therefore, plaintiff had constructive knowledge that his discharge for an injury existing prior to service (EPTS) would prevent him from receiving disability benefits.

severance pay.[13] In so doing, the Air Force also "alerted the plaintiff to [its] adverse position concerning any claim that he might have for disability retirement pay, with the same effectiveness as if the notification had been sent in response to a specific request from him that his case be referred to [a] ... retiring board." *Miller,* 175 Ct.Cl. at 879, 361 F.2d at 249–50. Notwithstanding the position taken by defendant and accepted by plaintiff regarding his entitlement to disability benefits, the Air Force advised plaintiff that he could apply for disability compensation. However, plaintiff declined to do so. Given these circumstances, the court finds that plaintiff knew or at the very least should have known the full extent of his disability at the time of discharge. At that time, plaintiff had adequate notice of a potential claim to disability pay such that he could have brought suit within 6 years. Accordingly, the statute of limitations on plaintiff's cause of action began to run on the date of discharge.

█ The court recognizes that plaintiff did not appear before a physical evaluation board before seeking relief in the AFBCMR. However, there was no information available to plaintiff in 1988 which was not available at the time of discharge. In other words, plaintiff made an informed decision not to pursue a disability claim for 12 years.[14] Moreover, it was not unreasonable for the Air Force to forego physical evaluation board review after plaintiff: (1) requested a discharge; (2) admitted his injury was an EPTS condition; and (3) learned that he would not receive disability pay. Since November 16, 1976, plaintiff had affirmative notice that the Air Force characterized his condition in a manner which deprived him of disability benefits. Therefore, an AFBCMR decision was not a necessary prerequisite for accrual of plaintiff's claim.

█ Plaintiff also suggests that any statute of limitations problem was cured when "the AFBCMR waived the untimeliness of [p]laintiff's applications." Review of a disability claim by the AFBCMR is a permissive remedy which does not toll the statute of limitations or give rise to a new cause of action. *Friedman,* 159 Ct.Cl. at 14, 310 F.2d at 390. Under 10 U.S.C. § 1552, the AFBCMR may waive filing defects which impact its own jurisdiction. However, the decision of the AFBCMR to consider the merits of plaintiff's otherwise untimely claim has no bearing on the 6–year statute of limitations applicable to Claims Court actions. *Real v. United States,* 18 Cl.Ct. 118, 128 (1989), *rev'd on other grounds,* 906 F.2d 1557 (Fed.Cir. 1990). Therefore, the AFBCMR did not waive the limitations period set forth in 28 U.S.C. § 2501 in deciding plaintiff's disability claim.

The 6–year statute of limitations is strictly construed by this court subject to certain equitable exceptions not present here. *Irwin v. Veterans Admin.,* — U.S. —, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Collins v. United States,* 14 Cl.Ct. 746, 751 (1988). Plaintiff suffered a disabling injury prior to discharge. Plaintiff knew at the time of discharge that the Air Force considered his condition to be in existence prior to enlistment and, therefore, considered him ineligible for future disability benefits. Accordingly, plaintiff's cause of action accrued on November 16, 1976, the date of discharge. However, plaintiff did not contest this determination or request correc-

---

**13.** DD form 214, Report of Separation from Active Duty, item 24, states that plaintiff would receive no disability severance pay. Plaintiff's signature appears at the bottom of DD form 214. Defendant's motion, app. 104.

**14.** The court further notes that the right to a disability hearing is waivable. 10 U.S.C. § 1214 provides that "[n]o member of the armed forces may be retired or separated for physical disability without a hearing *if he demands it.*" Plaintiff argues that he was not aware that the MEB recommended an EPTS discharge because he was "under the influence of prescription medication from November 7, 1976 until his departure from the military service." These allegations are wholly unsupported by the record and do not persuade the court to disregard the overwhelming evidence to the contrary. Plaintiff was on notice, at the time of discharge, that he would not receive disability benefits due to the timing of the onset of his condition. Plaintiff therefore waived his right to a disability hearing.

tion of the MEB report for nearly 12 years. Since plaintiff filed suit in this court well over 6 years after the date the cause of action first accrued, the court must dismiss plaintiff's claim as time barred [15] under 28 U.S.C. § 2501.

### Conclusion

For the foregoing reasons, the court grants defendant's motion to dismiss plaintiff's claim for lack of jurisdiction. The Clerk is directed to dismiss the complaint. No costs.

---

**15.** Since the statute of limitations on plaintiff's claim has run, the court need not address defendant's alternative grounds for dismissing the case.