**Dennis P. GLICK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 91–1097C.

United States Claims Court.

March 10, 1992.

Dennis P. Glick, pro se.

John S. Groat, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, attorney of record, for defendant.

## ORDER

HARKINS, Senior Judge:

The complaint in this military pay case, filed April 18, 1991, challenges plaintiff's discharge on October 19, 1970, from the United States Army as invalid under applicable statutes and regulations, and seeks reinstatement to active duty, remission of backpay, eligibility for retirement, and correction of military records. The case is before the court on defendant's motion to dismiss under RUSCC 12(b)(1) for lack of subject matter jurisdiction.

Military personnel claims based on pay mandating statutes and regulations traditionally have been within the general Tucker Act jurisdiction of the Court of Claims and this court. 28 U.S.C. § 1491(a) (1988). *See, e.g., Brown v. United States,* 396 F.2d 989, 184 Ct.Cl. 501 (1968); *Kirby v. United States,* 201 Ct.Cl. 527 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *Matias v. United States,* 923 F.2d 821, 823–25 (Fed.Cir.1990). For purposes of dismissal on the pleadings under RUSCC 12(b)(1), the complaint states claims within the subject matter jurisdiction of this court. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Mindes v. Seaman,* 453 F.2d 197, 198 (5th Cir.1971); *Bray v. United States,* 785 F.2d 989, 992 (Fed.Cir.1986); *Merck & Co. v. United States,* 24 Cl.Ct. 73, 77–79 (1991). Accordingly, defendant's motion to dismiss under RUSCC 12(b)(1) must be DENIED.

This ruling does not dispose of the matter, however. It is appropriate to consider the record at this juncture to determine whether the complaint states a claim upon which relief may be granted, RUSCC 12(b)(4), or whether the incorporation of material in addition to the pleadings presents a record adequate for summary disposition under RUSCC 56. The record

before the court includes: plaintiff's December 22, 1989, complaint in the United States District Court of the District of Columbia, and that court's February 26, 1991, and June 20, 1991, memorandum opinion and orders; plaintiff's July 7, 1981, application to the Army Discharge Review Board (ADRB), and that board's March 23, 1982, determination that plaintiff was properly discharged; plaintiff's March 10, 1988, and July 11, 1988, applications to the Army Board for the Correction of Military Records (ABCMR), and that board's July 12, 1989, memorandum of consideration; as well as plaintiff's submission of hospital records, excerpts from the transcript of a hearing on November 15, 1983, in Pine Bluff, Arkansas, and an application to the Board of Veterans Appeals dated May 10, 1991. These materials are in addition to the pleadings, are not excluded by the court, and are adequate to establish the facts that are material to plaintiff's claim. The facts applicable to this claim have been gleaned from the record. There are no genuine issues of material fact.

Plaintiff, Dennis P. Glick, is represented pro se. When the complaint was filed, he was an inmate in the Arkansas State prison system serving a term of two life sentences plus 40 years. Plaintiff has been convicted of 17 felonies, including at least two prison escapes. As of November 15, 1991, he was in the Utah State prison system.

Plaintiff was born on March 16, 1951. He enlisted in the United States Army on March 24, 1969, served 19 months, and was discharged on October 19, 1970, with an Undesirable Discharge Certificate. His Army record includes one court martial conviction, with a sentence of 30 days confinement, and four nonjudicial punishments.

A psychiatric evaluation on July 31, 1970, showed no disease and that he was oriented, rational and coherent. On August 10, 1970, plaintiff was hospitalized after injecting LSD. Clinical records indicated a long history of drug abuse. Plaintiff was discharged from the hospital on August 12, 1970, with a diagnosis of brain syndrome, manifested by psychosis associated with intoxication of LSD.

On July 11, 1981, almost 11 years after his discharge, plaintiff submitted an application to the ADRB. On February 22, 1982, the ADRB determined that plaintiff was properly discharged and denied his appeal that his discharge be upgraded to honorable.

On March 10, 1988, and amended on July 11, 1988, plaintiff submitted an application to the ABCMR for an upgrade of his discharge, reinstatement in the Army, or alternatively a medical discharge under honorable conditions. On July 12, 1989, the ABCMR determined that plaintiff had not submitted the application within the 3–year statutory time period, and that his records did not contain sufficient justification to conclude that it would be in the interest of justice to grant the relief requested, or to excuse the failure to file within the prescribed time.

A Veterans Administration Rating Decision, dated August 23, 1988, for a determination of insanity affecting discharge, indicated that plaintiff was sane during the time he committed the acts that affected the character of the discharge.

Procedurally, plaintiff's Tucker Act claims are pending in two courts. On December 22, 1989, plaintiff filed a complaint in the United States District Court for the District of Columbia that challenged his discharge from the Army. The complaint in the district court alleged that the discharge was invalid and that drug use during his military service was the ultimate cause of psychiatric disorders that purportedly led to the crimes for which he was incarcerated. The district court complaint sought relief appropriate to claims under the Tucker Act, as well as relief under the Federal Tort Claims Act, the Privacy Act, and mandamus relief. The district court on February 26, 1991, issued a memorandum opinion and order in which plaintiff's claims that were within the scope of the Tucker Act jurisdiction were dismissed without prejudice. The remaining non-Tucker Act claims were dismissed with prejudice. On March 12, 1991, plaintiff filed in the district

court a "Motion for Reconsideration, or, in the alternative, Request for Certificate of Probable Cause." The district court denied plaintiff's motion for reconsideration on June 20, 1991.

In this court, defendant on the basis of 28 U.S.C. § 1500 (1988) filed on June 17, 1991, a motion to dismiss for lack of subject matter jurisdiction. Defendant supplemented its motion on July 10, 1991, to incorporate the district court's denial of plaintiff's motion for reconsideration.

Plaintiff's response to defendant's motion to dismiss, filed July 15, 1991, included the following representation:

Plaintiff has no intention of seeking further review in the District Court. Based on this, the defendant does not have standing with the motion to dismiss, as this court has subject matter jurisdiction.

On the basis of plaintiff's representation, that no further review would be sought, defendant's motion to dismiss under Section 1500 was denied on July 17, 1991.

On August 20, 1991, defendant filed a renewed motion to dismiss and motion for reconsideration of the July 17, 1991, order. Defendant showed that plaintiff, on July 1, 1991, had sought further review of the district court's decision by filing a notice of appeal before the United States Court of Appeals for the District of Columbia Circuit. Defendant's renewed motion included, in the alternative, a motion to dismiss the complaint on the ground that the action is barred by the statute of limitations. 28 U.S.C. § 2501 (1988). Plaintiff's response to defendant's renewed motion to dismiss was filed on September 16, 1991. Defendant filed its reply on October 16, 1991.

---

This court's jurisdiction over plaintiff's Tucker Act military pay claim is subject to the limitation of 28 U.S.C. § 1500. Section 1500 provides:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

Defendant contends that as a result of plaintiff's July 1, 1991, notice of appeal to the District of Columbia Circuit Court of Appeals, which was filed 16 days before this court considered defendant's motion to dismiss, this court, under Section 1500, lacked jurisdiction to entertain his claim.

▆▆▆ Plaintiff's complaint in the district court was filed before the complaint was filed in this court. It is clear that the complaint in the district court alleges Tucker Act claims, and seeks the relief for those claims, which claims were dismissed without prejudice by the district court for lack of jurisdiction, are the same claims, and seek the same relief, as are alleged in the complaint in this court. The term "claim" in Section 1500 is to be defined by the operative facts alleged, not the legal theories raised. *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1563 (Fed. Cir.1988), *cert. denied*, 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989). Section 1500 does not bar jurisdiction by a prior filed case where a type of relief not available in the Claims Court is sought in the other court. *Casman v. United States*, 135 Ct.Cl. 647, 659 (1956). The rule in *Casman* does not apply here. When an earlier filed district court case is finally dismissed before the Claims Court entertains and acts on a Section 1500 motion to dismiss, that section does not bar Claims Court jurisdiction, even though the dismissal may have occurred after the filing in the Claims Court. Section 1500, however, can be invoked if the Government can show that the earlier filed suit is still pending at the time the Claims Court entertains and acts on the jurisdictional question. *UNR Industries, Inc. v. United States*, 911 F.2d 654, 665–66 (Fed.Cir.), *vacated, opinion withdrawn, rehearing en banc granted*, 926 F.2d 1109 (1990). A notice of appeal to the circuit court is a "suit or process" within the meaning of Section 1500. *UNR*

*Industries, Inc. v. United States,* 920 F.2d 916, 917 (Fed.Cir.1990).

Accordingly, when the court denied defendant's motion to dismiss on July 17, 1991, there was no jurisdiction to proceed with subject matter that appropriately was before the court. *See UNR Industries, Inc.,* 911 F.2d at 663. Plaintiff's statement on July 15, 1991, that he would seek no further review of the district court decision was a misrepresentation, and a blatant attempt to mislead the court. At the time plaintiff made his representation, he already had filed on July 1, 1991, a notice of appeal to the Court of Appeals for the District of Columbia. The misleading statement cannot be otherwise than deliberate. Sanctions are warranted. Plaintiff, however, is represented pro se, and, by virtue of that status, some degree of latitude may be warranted. Sanctions will not be imposed. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972).

The scope and content of Section 1500 have been the subjects of a long decisional history in the Court of Claims and in the Federal Circuit. *See, e.g., Tecon Engineers, Inc. v. United States,* 343 F.2d 943, 170 Ct.Cl. 389 (1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966); *Johns–Manville Corp. v. United States,* 855 F.2d 1556; *UNR Industries, Inc. v. United States,* 911 F.2d 654. Currently, the Federal Circuit is in the process of reconsidering Section 1500 issues and has heard reargument en banc. *UNR Industries, Inc. v. United States,* 926 F.2d 1109 (Fed.Cir.1991). The issues being considered include: the content of the term "has pending"; whether *Tecon Engineers,* should be overruled; whether a petition for a writ of certiorari is "a suit or process against the United States"; and whether the rule announced in *Johns–Manville* as to what is a claim under Section 1500 should be reconsidered.

The Federal Circuit, in its reconsideration of these Section 1500 issues, on December 18, 1990, vacated the ruling previously made in *UNR Industries,* 911 F.2d 654, which action raises substantial questions as to the continuing validity of *Tecon Engineers,* and *Johns–Manville.* Accordingly, the precedent announced in those cases is not presently binding on this court. That precedent, however, is consistent with previous analyses of Section 1500, under which the court would have been without jurisdiction to proceed on plaintiff's claim on July 17, 1991, when the order denying defendant's motion to dismiss was made. *See, e.g., A.C. Seeman, Inc. v. United States,* 5 Cl.Ct. 386 (1984), and cases cited therein. Under that precedent, the court presently would be without jurisdiction to proceed.

The Federal Circuit's disposition of *UNR Industries* will determine whether new rules are applicable with respect to Section 1500. In the unlikely event the Federal Circuit may announce new rules that could take effect prior to the April 18, 1991, filing of the complaint in this case, defendant's alternative argument that the claim is barred by limitations will be considered.

The statute of limitations applicable to plaintiff's military pay claim requires the complaint to be filed within 6 years of the date the claim accrued. 28 U.S.C. § 2501 in relevant part provides:

> Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

In actions against the Government, statutes of limitations historically have been viewed as an integral part of the waiver of sovereign immunity. Limitations statutes constitute one of the conditions on which the Government consents to be sued, the terms of which must be strictly observed. One case frequently cited for the conclusion that, as against the Government, statutes of limitations are jurisdictional is *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). In *Soriano,* the Supreme Court held the petitioner's claim to be jurisdictionally barred, saying that "Congress is entitled to assume that the limitations period it prescribed meant just that and no more." 352 U.S. at 276, 77 S.Ct. at 273. The Court of Claims consist-

ently ruled Section 2501 was jurisdictional. *See Mathis v. United States*, 391 F.2d 938, 183 Ct.Cl. 145 *vacated*, 394 F.2d 519, 183 Ct.Cl. 145 (1968), *appeal after remand*, 421 F.2d 703, 190 Ct.Cl. 925 (1970); *Sauer v. United States*, 354 F.2d 302, 173 Ct.Cl. 642 (1965); *Oceanic S.S. Co. v. United States*, 165 Ct.Cl. 217 (1964).

The jurisdictional concept relative to federal limitations statutes has been reexamined and modified. *Irwin v. Veterans Administration*, —— U.S. ——, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), *rehearing denied, Irwin v. Dept. of Veterans Affairs*, —— U.S. ——, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991). In *Irwin*, the Supreme Court enunciated as a new general rule that, in a case against the Government, a failure to file within the statutory period may be excused and the filing deadline be extended by application of the doctrine of equitable tolling. 111 S.Ct. at 457. The concurring justices in *Irwin* observed that the court's ruling was inconsistent with the traditional approach to cases involving sovereign immunity and directly overruled *Soriano*. *Irwin*, 111 S.Ct. at 459.

▆ Where the waiver of sovereign immunity is unequivocally expressed, under the new rule, the doctrine of equitable tolling is applicable to suits against the Government in the same way that it is applicable to private suits. *Irwin*, 111 S.Ct. at 457. In a suit against the Government, "no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants." 111 S.Ct. at 458.

Equitable tolling, as between private litigants, typically is available only sparingly. Examples cited by the Supreme Court include a situation where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period; *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). The

Federal Circuit, in a case against the Government, implied the statute of limitations can be tolled where the Government fraudulently or deliberately conceals facts relevant to a plaintiff's claim so that plaintiff is unaware of their existence and could not have discovered the basis of the claim. *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed.Cir.), *cert. denied*, 474 U.S. 826, 106 S.Ct. 83, 88 L.Ed.2d 68 (1985).

▆ The doctrine of equitable tolling does not apply to statutes of repose. *Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385, 1391 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991). Statutes of repose begin to run from an arbitrary event that generally is unrelated to the traditional accrual of the cause of action. In 1991, in a case between private parties that involved limitations on claims under Section 10(b) of the Securities Exchange Act, the Supreme Court made it clear that equitable tolling of limitation periods does not apply to statutes of repose. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, —— U.S. ——, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321, *rehearing denied*, —— U.S. ——, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991). Section 2501 is not a statute of repose. *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577–78 (Fed.Cir.1988).

▆ Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim. The doctrine has no application and cannot be utilized on the facts of this case to stop the running of the 6 year period specified in Section 2501. When plaintiff was discharged on October 19, 1970, he understood the reasons for his undesirable discharge. At that time, plaintiff was armed with the facts concerning the validity of his discharge. In the 6 years following his discharge, plaintiff held a job as a mechanic, got married, was found to be capable of, and by conviction found to be responsible for, six rapes. For these actions he was incarcerated in the Arkansas State Prison. No representative of the Army or any other representative of

the United States was involved in any of these actions.

Plaintiff's claim accrued on October 19, 1970. Under Section 2501 he was barred from challenging the discharge after October 19, 1976. Plaintiff's appeals to the ADRB and ABCMR were post-discharge remedies that were permissive in nature, and did not suspend the running of limitations. *Kirby v. United States,* 201 Ct.Cl. 527; *Poe v. United States,* 7 Cl.Ct. 40, 42 (1984). At the time those appeals were filed, the limitations barring court action under the Tucker Act already had expired.

Plaintiff also argues that the statute of limitations has been tolled because he was *non compos mentis* within the meaning of D.C.Code § 12–302 from the time of his discharge. The D.C.Code does not apply to plaintiff's claim. Presumably he attempts to invoke the legal disability provision in Section 2501 which provides:

> A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases.

Plaintiff contends that throughout the period after his discharge he suffered from a mental disorder that stemmed from the LSD drug overdose for which he was hospitalized while a member of the Armed Forces. Plaintiff had a long history of drug abuse prior to his hospitalization on August 10, 1970. There is no evidence that plaintiff's addiction resulted from any action for which a Government official was responsible.

The meaning of the phrase "legal disability" in Section 2501 was examined extensively by the Court of Claims in *Goewey v. United States,* 612 F.2d 539, 222 Ct.Cl. 104 (1979). The law presumes sanity and competency rather than insanity and incompetency. The burden of proving mental incapacity is on the plaintiff. Plaintiff must prove the existence of a condition that is a legal disability within the intendment of 28 U.S.C. § 2501. Hardship, inconvenience, or ignorance are not grounds for tolling the statute. To toll the statute, a legal disability is one that must impair a claimant's access to the court.

The facts applicable to plaintiff's discharge were known to plaintiff and there was no concealment by the defendant of the reasons for the discharge. Plaintiff was competent to manage his own affairs and he was capable of understanding the nature of his discharge. Narcotic addiction is not in itself a statute tolling legal disability unless the claimant can show that he was incapable of understanding the nature of the discharge. 612 F.2d at 544; *Cochran v. United States,* 506 F.2d 1406, 205 Ct.Cl. 876 (1974).

Plaintiff was competent to function when he was discharged and during the 6–year limitations period. There is no evidence that he was suffering a mental condition that would qualify as a legal disability during the limitations period.

Throughout the 1970s and 1980s, plaintiff submitted multiple requests for information and assistance from the Army and the Veterans Administration. He pursued applications for relief before the ADRB and the ABCMR. These actions demonstrate plaintiff's competence and the absence of a mental condition that would have prevented a timely court filing. On the facts, plaintiff's complaint was filed untimely under 28 U.S.C. § 2501.

On the basis of the foregoing, the complaint must be dismissed. The Clerk is directed to dismiss the complaint with prejudice. No costs.