**Eugene M. D'ANDREA, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 92–5C.

United States Court of Federal Claims.

Feb. 5, 1993.

Dr. Eugene M. D'Andrea, pro se.

Brian Smith, Washington, DC, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen, Director, and James M. Kinsella, Asst. Director, for defendant. Major Will A. Gunn, U.S. Air Force, Washington, DC, of counsel.

## OPINION

ROBINSON, Judge:

Plaintiff, Eugene M. D'Andrea, was retired from duty in the Air Force Reserve on August 14, 1982, with a rank of lieutenant colonel. Prior to being placed in the Retired Reserve, plaintiff was considered, but not selected, for a promotion to the rank of colonel.

After unsuccessfully pursuing an administrative remedy, plaintiff filed the present action in this court, the United States Court of Federal Claims, seeking back pay and reinstatement in the reserve of the United States Air Force. Plaintiff claims that his involuntary separation was improper due to unauthorized alterations of Officer Effectiveness Reports (OER).

On March 3, 1992, defendant filed a motion to dismiss the complaint on the ground that this action is barred by the statute of limitations, 28 U.S.C. § 2501 (1982). In response to defendant's motion, plaintiff filed a cross-motion seeking summary judgment.

## Background

Plaintiff was appointed a second lieutenant, reserve of the United States Air Force, on July 7, 1954. He was promoted progressively, until he reached the grade of lieutenant colonel, with the date of rank July 16, 1975.

On March 30, 1979, plaintiff discovered defects in two OERs. He claims that alterations, comments, and ratings were recorded by an unauthorized individual. Plaintiff alleges that, prior to such alterations, the OERs recommended him for promotion to the grade of colonel. While one OER was corrected by the HQ Air Reserve Personnel Center, the second OER was not revised. This second OER covers the period from February 16, 1974, through April 30, 1978. On May 2, 1980, plaintiff applied to the Air Force Officer Personnel Records Review Board for correction of the second OER, claiming that the defects in it unfairly reflected his military career and, thus, prevented his promotion. Plaintiff's request for relief was denied on July 28, 1980.

On August 14, 1982, plaintiff was relieved from his assignment in the Air Force Reserves and was assigned to the Retired Reserve Section and placed on the Retired Reserve List under the provision of Air Force Regulation 35–7 and 10, U.S.C. § 1331 (1983). Plaintiff was credited with twenty-eight years of satisfactory Federal service.

On June 13, 1989, plaintiff continued his challenge of the second OER by applying to the Air Force Board For Correction of Military Records ("AFBCMR" or "Board"). The Board excused plaintiff's failure to file his application within three years of the discovery of the error, but subsequently, on November 30, 1990, denied the application due to insufficient evidence of plaintiff's claim. Plaintiff requested reconsideration of the Board's decision, which was denied on August 28, 1991. Plaintiff filed this case on January 3, 1992.

## Contentions of the Parties

In its motion to dismiss, defendant argues that the six year statute of limitations set forth in 28 U.S.C. § 2501 (1982) began to run on August 14, 1982, the date plaintiff was relieved from assignment in the Air Force Reserves and assigned to the Retired Reserve. Defendant argues further in its reply that this action may be viewed as having accrued on March 30, 1979, the date on which plaintiff claims he discovered the errors in the challenged OER. As a result, defendant maintains, plaintiff's action is time barred.

Plaintiff counters that the statute of limitations should run from August 28, 1991, the date on which the AFBCMR finally rejected his application for correction of his military record; that is, when he exhausted administrative remedies. Plaintiff also

contends that defendant's motion to dismiss includes an "unequivocal admittance" to the truthfulness of the facts asserted in the complaint; namely, that plaintiff admits the timeliness of the filing of this action. Finally, plaintiff contends that the AFBCMR's waiver of the untimeliness of his application in the administrative proceeding operates as a waiver of the six year statute of limitations applicable in this court. In other words, plaintiff argues that this court's statute of limitations is equitably tolled.

## DISCUSSION

In this court, the statute of limitations is a jurisdictional barrier. *Soriano v. United States*, 352 U.S. 270, 273–74, 77 S.Ct. 269, 272, 1 L.Ed.2d 306 (1957). Whether the merits of a plaintiff's claim can be addressed depends upon whether suit was filed within six years of the date on which the claim first accrued. 28 U.S.C. § 2501. A cause of action accrues "when all events affecting the alleged liability of the United States have occurred." *Wright v. United States*, 19 Cl.Ct. 779, 784 (1990) (citing *Kirby v. United States*, 201 Ct.Cl. 527, 532 (1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974)).

Plaintiff first challenges defendant's contention that this matter is time barred by asserting that the statute of limitations did not begin to run until the administrative proceedings were exhausted. Both the United States Court of Appeals for the Federal Circuit and this court have, however, rejected this assertion in prior cases. *Hurick v. Lehman*, 782 F.2d 984, 987 (Fed.Cir.1986); *Wright*, 19 Cl.Ct. at 784.

In *Hurick*, the Federal Circuit rejected the assertion that the statute of limitations was tolled for the period during which applications for relief were pending before a corrections board. The court, therefore, reaffirmed the rule that resort to a correc-

tions board is a permissive, rather than mandatory, step that does not suspend the running of the statute. *Id.; see Soriano*, 352 U.S. at 275, 77 S.Ct. at 273; *Glick v. United States*, 25 Cl.Ct. 435, 441 (1992); *Burton v. United States*, 22 Cl.Ct. 706, 710 (1991); *Gerber v. United States*, 2 Cl.Ct. 311, 315–16 (1983); *Kirby*, 201 Ct.Cl. at 531; *Friedman v. United States*, 159 Ct. Cl. 1, 11–13, 310 F.2d 381 (1962), *cert. denied*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963) (explaining the rule and its rationale, but noting an exception in disability retirement pay cases only).[1] The *Hurick* court explained further that the rejection of Wright's claim by the corrections board failed to give rise to a separate and independent claim; stated in other words, the administrative action was merely ancillary to the underlying cause of action. *Hurick*, 782 F.2d at 987.

In *Wright*, the plaintiff, a member of the Mississippi National Guard, was demoted on June 7, 1972. On November 11, 1989, he filed a claim seeking to overturn the demotion in the Claims Court, this court's predecessor. Prior to filing his claim, however, Wright availed himself of several unsuccessful applications to the AFBCMR to correct his military records. The court held that Wright's pursuit of the administrative remedies failed to toll the running of the statute of limitations and that his claim was barred. 19 Cl.Ct. at 784.

Similarly, in the present case, plaintiff's application to the AFBCMR, seeking to correct his military records, did not toll this court's statute of limitations. Plaintiff was required to file his complaint within six years of the date on which his claim first accrued. Whether this court recognizes plaintiff's receipt of the improper OER in 1978, his discovery of the error in 1979, or his assignment to the Retired Reserve Section in 1982 as the date upon which plaintiff's claim accrued, his claim accrued more

---

1. The case law primarily supports the rule that post-discharge proceedings before administrative review boards are permissive in nature and do not serve to toll the statute of limitations. Plaintiff argues that he was not "discharged," but rather that he was merely retired, or reas-

signed to the Retired Reserves. Nevertheless, part of the relief plaintiff seeks is a reinstatement in the Air Force Reserves with back pay. Thus, administrative review serves the same function, and the rule equally applies to this case.

than six years before the filing of the complaint. Plaintiff's filing of the application with the AFBCMR was an option he chose to avail himself of. Plaintiff's filing was thus permissive in nature and did not toll the statute of limitations. *See Gerber,* 2 Cl.Ct. at 316; *Kirby,* 201 Ct.Cl. at 531.

Plaintiff further asserts that his complaint is not barred by the statute of limitations, because the Board previously waived the untimeliness of his application, pursuant to the authority of 10 U.S.C. § 1552(b).[2] Thus, plaintiff maintains, defendant is precluded from arguing such defense in this court. This court disagrees. Indeed, as defendant correctly observes, a decision by the Board to waive its own statute of limitations has no bearing on the statute of limitations which governs actions in this court. *Burton,* 22 Cl.Ct. at 710. Plaintiff's contention is simply unavailing.

Finally, plaintiff argues that any time bar to his complaint should be waived in the interest of justice; that is, that the doctrine of equitable tolling should apply. While the doctrine of equitable tolling applies to suits against the United States in the same manner as suits involving private parties, federal courts have only sparingly extended its application. *Glick,* 25 Cl.Ct. at 440. In *Irwin v. Veterans Administration,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), *reh'g denied,* — U.S. ——, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991), the Supreme Court cited those instances where equitable tolling was allowed. These include situations in which a plaintiff actively sought judicial relief, but filed defective pleadings, and in which a plaintiff was induced by his adversary's misconduct into allowing the filing deadline to pass. The Federal Circuit in *Welcker v. United States,* 752 F.2d 1577, 1580 (Fed.Cir.), *cert. denied,* 474 U.S. 826, 106 S.Ct. 83, 88 L.Ed.2d 68 (1985), cited additional circumstances when the statute of limitations may be suspended, including, instances where the government fraudulently concealed facts relevant to a plaintiff's claim, with the result that the plaintiff was unaware of such facts, and where a plaintiff's injury was inherently unknowable to him on the date of the accrual of a claim for relief.

None of the circumstances cited above appear in the case at hand. Plaintiff did not file a defective pleading during the statutory period; the Government neither induced him to miss the filing deadline, nor concealed any facts from him which were relevant to his claim; and plaintiff has admitted to having knowledge of his injury as early as March 30, 1979. Plaintiff's argument for applying the doctrine of equitable tolling is denied.

## CONCLUSION

Pursuant to 28 U.S.C. § 2501, the time to file plaintiff's claim has expired. Moreover, plaintiff has failed to show that he is entitled to a waiver or tolling of the statute of limitations. For the reasons set forth above, defendant's motion to dismiss is granted and plaintiff's cross-motion for summary judgement is denied.

The Clerk is directed to enter judgment accordingly. No costs.

---

**2.** 10 U.S.C. § 1552(b) authorizes the correction of errors in military records discovered within three years of the filing of the request, but permits the corrections board to excuse untimely filing if it finds it to be in the interest of justice. *See Mullen v. United States,* 17 Cl.Ct. 578, 581 (1989).