6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Eugene M. D'ANDREA, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5120.
 United States Court of Appeals, Federal Circuit.
 Sept. 7, 1993.
 
 Before LOURIE and RADER, Circuit Judges, and WOODS, District Judge.*
 DECISION
 RADER, Circuit Judge.
 
 
 1
 The United States Court of Federal Claims dismissed Eugene M. D'Andrea's claim for back pay and reinstatement in the United States Air Force Reserve. D'Andrea v. United States, No. 92-5C, slip op. (Fed.Cl. Feb. 5, 1993). Because the statute of limitations barred Mr. D'Andrea's claim, this court affirms.
 
 DISCUSSION
 
 2
 While serving as a lieutenant colonel in the United States Air Force Reserve, Mr. D'Andrea sought promotion to the rank of colonel, but was not selected. Mr. D'Andrea contends that defects in an Officer Effectiveness Report (OER) thwarted his promotion chances. According to Mr. D'Andrea, this OER contained alterations, comments, and ratings by an unauthorized individual. Mr. D'Andrea sought to correct his records. The Air Force Officer Personnel Records Review Board denied correction on July 28, 1980. On August 14, 1982 Mr. D'Andrea retired from duty in the Air Force Reserve with a rank of lieutenant colonel.
 
 
 3
 On June 13, 1989, Mr. D'Andrea resumed his challenge of the OER by applying to the Air Force Board for Correction of Military Records (Board). The Board waived Mr. D'Andrea's failure to meet its statute of limitations, but on November 30, 1990, denied the application due to insufficient evidence.
 
 
 4
 Mr. D'Andrea filed suit in the Court of Federal Claims on January 3, 1992. On February 5, 1993 the trial court dismissed the complaint. The statute of limitations, 28 U.S.C. Sec. 2501 (1988), applicable to Mr. D'Andrea's claim had expired. Mr. D'Andrea did not show entitlement to a waiver or tolling of the statute. This court reviews decisions of the Court of Federal Claims for errors of law and clearly erroneous findings of fact. Cooper v. United States, 827 F.2d 762, 763 (Fed.Cir.1987).
 
 
 5
 Section 2501 of title 28 bars litigants from seeking relief in the Court of Federal Claims if their claim accrued more than six years before the court's filing date. 28 U.S.C. Sec. 2501 (1988). Mr. D'Andrea asserts that this statute of limitations did not begin to run until exhaustion of administrative proceedings. The trial court correctly held that a cause of action accrues when all events affecting the alleged liability of the Government have occurred. Catawba Indian Tribe of South Carolina v. United States, 982 F.2d 1564, 1570 (Fed.Cir.1993). In this case, the events affecting the alleged liability of the Government occurred no later than August 14, 1982, when Mr. D'Andrea retired. Resort to a corrections board after that date did not suspend the running of the statute. Hurick v. Lehman, 782 F.2d 984, 987 (Fed.Cir.1986).
 
 
 6
 Mr. D'Andrea did not file his complaint until January 3, 1992, more than three years after expiration of the statute of limitations on August 14, 1988. Thus, the trial court's finding that the statute of limitations barred Mr. D'Andrea from seeking relief is not clearly erroneous.
 
 
 7
 Mr. D'Andrea further seeks to escape the statute of limitations because the Board waived the untimeliness of his application. As the trial court correctly recognized, a decision by the Board to waive its own statute of limitations has no bearing on the statute of limitations which governs actions in the Court of Federal Claims. Burton v. United States, 22 Cl.Ct. 706, 710 (1991).
 
 
 8
 Finally, the trial court correctly concluded that the doctrine of equitable tolling does not apply. This court has suggested that fraud or deliberate concealment by the Government may toll the statute of limitations. Welcker v. United States, 752 F.2d 1577, 1580 (Fed.Cir.), cert. denied, 474 U.S. 826 (1985). The trial court found that the Government neither induced Mr. D'Andrea to miss the deadline to file, nor concealed any facts from him relevant to his claim. D'Andrea, No. 92-5C, slip op. at 5.
 
 
 9
 Mr. D'Andrea presents no evidence showing the trial court's finding to be clearly erroneous. In fact, the only evidence Mr. D'Andrea presents regards an alleged conversation with Deputy Assistant Secretary of the Air Force Lineberger which occurred December 29, 1990, at least two years after the statute of limitations had expired.
 
 
 10
 Having found no reversible error in the decision of the Court of Federal Claims, this court affirms.
 
 
 
 *
 The Honorable George E. Woods, United States District Court for the Eastern District of Michigan, sitting by designation