Kenneth W. JONES, Plaintiff,

v.

**THE UNITED STATES, Defendant.**

No. 01–202C.

United States Court of Federal Claims.

March 28, 2002.

---

Kenneth W. Jones, pro se, Cleveland, Ohio, for plaintiff.

Kent G. Huntington, Washington, D.C., with whom are Donald E. Kinner, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, U.S. Department of Justice, for defendant.

### ORDER

SMITH, Senior Judge.

In this action, plaintiff Kenneth W. Jones seeks to relitigate claims that this court disposed of on November 29, 2000. Plaintiff raises identical claims to those he raised before Judge Anderwelt in case 00–606. Specifically, he seeks $100,000,000.00 in damages from the government for alleged violations of his civil rights by Ohio police officers in connection with the murder of his wife. Judge Anderwelt in his November 29, 2000,

order clearly established that this court lacks jurisdiction to hear any of plaintiff's allegations. Nothing has changed with plaintiff's new complaint to give this court jurisdiction. The plaintiff is directed to that order, a copy of which has been attached to this order.

In addition, plaintiff's action is barred by the principle of res judicata. Res judicata is the legal principle that a party has one opportunity to fully litigate a claim, and after that opportunity further litigation is barred. See Montana v. United States, 440 U.S. 147, 153–55, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Res judicata has the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane, 439 U.S. at 326, 99 S.Ct. 645. Res judicata requires 1) the decision of the court in the prior case to have been a final decision, 2) the parties to be identical or in privity with the prior parties, and 3) the claims to be identical. See Montana v. United States, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); Vitaline Corp. v. General Mills, Inc., 891 F.2d 273, 274–75 (Fed.Cir.1989); Young Engineers, Inc. v. United States Intn'l Trade Comm'n, 721 F.2d 1305, 1313–15 (Fed.Cir.1983). That is precisely the case here. The court's previous decision in 00–606 was a final decision; the plaintiff's claims are identical and he alleges the same facts and law in both cases; and the parties in both suits are identical. Thus, the requirements of res judicata are fully satisfied, and plaintiff's claim is barred.

In addition, even if the plaintiff could raise his claims in this court a second time, his claim is barred by the statute of limitations. A party must pursue an action in this court within six years of the date upon which the claim first accrued. See 28 U.S.C. § 2501 (1994 & Supp.2001). The events that form the basis of the plaintiff's allegations took place in 1987—more than 14 years ago. The expiration of the statute of limitations is

a jurisdictional barrier to bringing an action in this court. *See D'Andrea v. United States,* 27 Fed.Cl. 612, *aff'd* 6 F.3d 786, 1993 WL 335771 (Fed Cir.1993) (table). Thus, plaintiff's action is also barred by the statute of limitations.

The Court hereby DISMISSES WITH PREJUDICE plaintiff's complaint. The Clerk of the Court is directed to dismiss this action. In addition, Mr. Jones is barred from filing any pleadings or documents related to the allegations raised in this case in this court without the advance written permission of a judge of this court.

The parties shall bear their costs.

It is so ORDERED.