[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------

No. 06-15030
Non-Argument Calendar

-------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-02287-CV-CC-1

EDWARD LORENZO REASE,

                                        Plaintiff-Appellant,

                    versus

FRANCIS J. HARVEY, Secretary of Army,
UNITED STATES OF AMERICA,

                                        Defendants-Appellees.

-------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-------------------------------------------------------------

**(June 28, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

    Plaintiff-Appellant Edward Lorenzo Rease, proceeding pro se, appeals the

district court's grant of summary judgment on some claims and dismissal of other

claims in his complaint against Francis J. Harvey, Secretary of the Army, and the United States (collectively the "Defendants") seeking, among other things, correction of his military records and military disability benefits. No reversible error has been shown; we affirm.[1]

Rease enlisted in the United States Army in 1975; and during his service, he suffered a cold injury to his feet. Rease was honorably discharged from the Army in 1980 after his enlistment contract expired. In 2003, Rease applied to the Army Board for Correction of Military Records ("ABCMR") to ask that his military record be changed to reflect a medical discharge. The ABCMR determined that Rease's application was untimely pursuant to 10 U.S.C. § 1552(b), which provides that applications for correction of military records must be filed within three years of discovery of an alleged error. The ABCMR also concluded, after conducting a merits review of Rease's application, that it was not in the interest of justice to excuse Rease's untimely filing because no evidence showed that Rease should have been medically separated from the Army. Rease requested that the ABCMR reconsider its decision, which the ABCMR denied.

---

[1]As an initial matter, we reject Rease's claim that Defendants waived argument in their reply to Rease's response to Defendants' motion for summary judgment. Although Rease does not assert that he raised this concern before the district court, the district court did reject Rease's challenge to the timeliness of Defendants' reply. Assuming that we can consider the claim Rease now raises, we see no merit to his assertion that Defendants raised new issues in their reply.

We review a district court's grant of summary judgment de novo, viewing all evidence in the light most favorable to the non-moving party. Dees v. Johnson Controls World Servs., Inc., 168 F.3d 417, 421 (11th Cir. 1999). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

We conclude that the ABCMR's decision on Rease's application to correct his military record was not arbitrary or capricious. See Nolen v. Rumsfeld, 535 F.2d 888, 889-90 (5th Cir. 1976). Even if we assume that we can review the decision that Rease's application was untimely, we reject Rease's claim because he applied to correct his military record approximately 23 years after his discharge in 1980, which was when Rease should have discovered the alleged error of not receiving a medical separation. See 10 U.S.C. § 1552(b) (explaining request for correction to military record must be filed within three years of discovery of the error or injustice but an untimely filing may be excused "in the interest of justice"). When he was discharged, Rease was aware of his foot injury and that the Army knew of this injury. After a careful review of the record, we see no

reason to disturb the ABCMR's determination that Rease's application was untimely and that his untimely filing was not excusable.[2]

We next address Rease's claim under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The district court concluded that Rease had not exhausted his administrative remedies on his FOIA claim because, even assuming that Defendants refused Rease's requests for his military records,[3] Rease did not demonstrate that he submitted an administrative appeal about his requests to the appropriate agency officials. See Taylor, 30 F.3d at 1367-68 ("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts. This exhaustion requirement is a condition precedent to filing suit . . . ."). Even when an agency belatedly responds to a FOIA request, the requester still must exhaust his administrative remedies. See id. at 1369 (relying

---

[2]And Rease has not shown that the ABCMR acted arbitrarily or capriciously in returning his request for reconsideration "without action." As he argued before the district court, Rease asserts that he submitted much new evidence with his request for reconsideration; but Rease does not identify precisely how this evidence should have affected the ABCMR's earlier denial of his application. And, as the district court explained, Rease did not offer new evidence or arguments that demonstrated he was unfit to perform his military duties when he was discharged from the Army.

[3]Although Rease attested that he asked for his military records starting in 1980, the record only shows that Rease made one request to the Army in 1992. In response to the 1992 request, Rease received a letter informing him that his records could be obtained from a provided address for the Department of Veterans Affairs. Although it appears that the Army's response may have been beyond the time limit set out in 5 U.S.C. § 552(a)(6)(A)(i) to comply with such requests, this belated response did not excuse Rease from pursuing "actual exhaustion" of his administrative remedies. See Taylor v. Appleton, 30 F.3d 1365, 1369 (11th Cir. 1994).

4

on reasoning of Oglesby v. U.S. Dep't of Army, 920 F.2d 57 (D.C. Cir. 1990), including that requester who waits past the deadline for an agency's response must pursue an administrative appeal before raising a FOIA claim in federal court). Rease has not asserted that he pursued an administrative appeal of his FOIA claim; so he has not exhausted his administrative remedies. We affirm the grant of summary judgment to Defendants on Rease's FOIA claim.

Rease also has not exhausted his administrative remedies on his Federal Tort Claims Act ("FTCA") claim. "The [FTCA] provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." McNeil v. United States, 113 S.Ct. 1980, 1981 (1993). Rease asserts that his ABCMR request was sufficient to exhaust his administrative remedies on his FTCA claim; but Rease's ABCMR request, which did not mention the FTCA or indicate potential damages, put Defendants on no notice of a FTCA claim. See Suarez v. United States, 22 F.3d 1064, 1066 (11th Cir. 1994) ("[T]he FTCA requires, at a minimum, that a claimant expressly claim a sum certain or provide documentation which will allow the agency to calculate or estimate the damages to the claimant."); Brown v. United States, 838 F.2d 1157, 1160 (11th Cir. 1988) ("The FTCA establishes that as a prerequisite to maintaining a suit against the United States, a plaintiff must

5

present notice of the claim to the appropriate federal agency."). Therefore, we lack jurisdiction to consider Rease's FTCA claim.[4] See Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006) (the exhaustion requirement in FTCA cases is jurisdictional).

Rease also contends that the district court erred in dismissing his contract claim under the Tucker Act, 28 U.S.C. § 1491, for lack of jurisdiction. Because Rease has not limited his claim for monetary relief to $10,000 or less, the district court properly dismissed his Tucker Act claim. See Begner v. United States, 428 F.3d 998, 1002 (11th Cir. 2005) ("Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction for contracts in excess of $10,000.").

We next address Rease's constitutional claims. Rease's complaint alleged that Defendants "failed to live up to their contractual obligations" under the Constitution and also violated due process. We agree with the district court that Rease's constitutional claims for monetary damages are barred by sovereign immunity.[5] See generally JBP Acquisitions, LP v. United States, 224 F.3d 1260,

---

[4]Rease's contention that an exception to the FTCA's statute of limitations applies to him does not affect our analysis that Rease failed to exhaust his administrative remedies on his FTCA claim.

[5]Rease's attempt to argue for a waiver of immunity focuses on the FTCA, Tucker Act, and Administrative Procedure Act ("APA"); but Rease's claims under those authorities otherwise fail. And Rease appears to assert that his claim based on a constitutional contract theory should be heard by the Court of Federal Claims.

1263-64 (11th Cir. 2000) (discussing how, absent a waiver, sovereign immunity shields the federal government and its agencies from suit). Therefore, we affirm the grant of summary judgment to Defendants on these claims.

In addition, we agree with the district court that Rease's remaining claims for relief, which proceed under the APA and arise from alleged errors with his Army discharge -- including that he did not receive pre-separation counseling or a complete transmittal of his medical records and that he did not receive medical separation or military disability benefits -- are barred by the six-year statute of limitations set forth in 28 U.S.C. § 2401(a).[6] Section 2401(a) provides that "[e]xcept as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." We do not have jurisdiction over suits brought against the United States that are barred by section 2401(a). See Center for Biological Diversity, 453 F.3d at 1334 ("Unlike an ordinary statute of limitations, [section] 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed.").

---

[6]We review the interpretation and application of statutes of limitations de novo. Center for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006).

When Rease was discharged, he knew of the cold injury to his feet.[7] In addition, Rease was aware that he was not receiving a medical separation from the Army. In completing an assessment of Rease's "physical and mental status on release from active service," the Army informed Rease that his physical condition was "such that you are considered physically qualified for separation or for re-enlistment without re-examination" if Rease re-enlisted within three months of his discharge and had not accrued new diseases or injuries. In addition, Rease's Army separation order, dated 29 April 1980, explained to Rease that "You are reassigned to US Army separation transfer point as indicated for separation processing. After processing, you are relieved from active duty, not by reason of physical disability . . . ."

Because Rease was aware of his injury and that he was not receiving medical separation or disability benefits, the statute of limitations in this case began to run in 1980, when Rease was discharged from the Army. See Burton v. United States, 22 Cl. Ct. 706, 710 (1991) ("[P]laintiff knew or at the very least

---

[7]The record contains Rease's physical profile record, dated 27 November 1978 and which diagnoses Rease with "cold injury to feet" and restricts Rease's cold exposure and continuous wearing of combat boots. And Rease's May 1980 medical report -- completed around the time of his discharge and signed by Rease -- stated that Rease was treated for frostbite and had a cold weather profile. Documentation attached to this medical report listed "cold injury to feet" as Rease's only "defect." Rease asserts that this physical examination was incomplete but does not explain how the exam was deficient.

should have known the full extent of his disability at the time of discharge. At that time, plaintiff had adequate notice of a potential claim to disability pay such that he could have brought suit within 6 years.").[8] Therefore, we lack jurisdiction to consider Rease's remaining claims that are barred by the statute of limitations in 28 U.S.C. § 2401(a).[9]

In conclusion, we affirm the district court's decision that we lack jurisdiction to consider Rease's claims under the FTCA and Tucker Act as well as his claims barred by 28 U.S.C. § 2401(a). We also affirm the grant of summary judgment on Rease's claim that the ABCMR improperly denied his request to modify his military records and on his FOIA and constitutional claims.

AFFIRMED.

---

[8]We are not convinced of Rease's argument that the statute of limitations began to run when the ABCMR denied his application to correct his military records in 1993. Although some courts have explained that a cause of action can accrue when the first competent board denies, or refuses to hear, a claim, see, e.g., Friedman v. United States, 310 F.2d 381, 159 Cl. Cl. 1 (1962), we agree with the district court that -- in this case -- Rease's cause of action began to accrue when he was discharged from the Army because it was at that time that Rease knew he had suffered frostbite and was on notice that he would not receive a medical separation. See Burton, 22 Cl. Ct. at 710.

[9]We are also unpersuaded by Rease's claims that, even if his claims were barred by 28 U.S.C. § 2401(a), he should receive the benefit of equitable tolling. It does not appear that Rease raised this argument before the district court. But, even assuming without deciding that Rease preserved this claim and that the section 2401(a) statute of limitations could be equitably tolled, Rease has not demonstrated that he exercised due diligence in bringing his claims; so equitable tolling would not be warranted. See Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) ("It bears emphasizing . . . that due diligence on the part of the plaintiff, though necessary, is not sufficient to prevail on the issue of equitable tolling. The Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly."). And we decline Rease's request to excuse the untimeliness of his claims by applying the continuing violation doctrine raised in 42 U.S.C. § 1983 or Title VII cases.