Lewis W. POE

v.

The UNITED STATES.

No. 237–79C.

United States Claims Court.

Dec. 11, 1984.

Lewis W. Poe, Honolulu, Hawaii, pro se.

Louis R. Davis, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Lorraine B. Halloway, Dept. of Justice, Washington, D.C., of counsel.

## MEMORANDUM OF DECISION

HARKINS, Judge.

In this military pay case, defendant has moved for summary judgment on the ground that the decisions of the Ninth Circuit in *Poe v. Reed,* No. 76–0160 (D.Hawaii 1976), *aff'd mem. sub nom., Poe v. Stetson,* 562 F.2d 56 (9th Cir.1977), *cert. denied,* 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539 (1978); *Poe v. Kuyk,* No. 76–0005 (D.Hawaii 1976), *aff'd mem.,* 691 F.2d 507 (9th Cir.1982); and *Poe v. Dept. of the Air Force,* No. 77–0262 (D.Hawaii 1977), *aff'd mem.,* 691 F.2d 507 (9th Cir.1982), collaterally estop plaintiff's claims in this court.

Plaintiff, who is represented pro se, filed a petition in the Court of Claims on May 30, 1979, to recover backpay, restoration to office, reinstatement and correction of military records. The case was transferred to the United States Claims Court on October 1, 1982, pursuant to section 403(d) of the Federal Courts Improvement Act of 1982. 28 U.S.C. § 171, n. (1982). The Claims Court has jurisdiction under 28 U.S.C. § 1491 (1982).

Defendant filed its motion for summary judgment on September 24, 1982. Plaintiff's opposition was filed November 3,

1982, and defendant filed a reply on November 12, 1982. Without oral argument, defendant's motion for summary judgment is denied.

On September 5, 1974, plaintiff, a former captain in the Air Force, was relieved from active duty and placed on the Temporary Disability Retired List (TDRL) as a result of a finding by a Physical Evaluation Board (PEB) that plaintiff was 70 percent mentally disabled. Two years later, another PEB reevaluated that finding and found plaintiff fit for worldwide service and recommended return to active duty. The Air Force Physical Review Council, on review of that decision, however, disagreed and recommended that plaintiff be discharged with severance pay. The Review Council found that plaintiff was unfit for service because of schizophrenia, paranoid type, in remission, with a disability rating of zero percent. The Secretary of the Air Force adopted the Review Council's recommendation and on April 14, 1977, plaintiff was honorably discharged from the Air Force with severance pay.

Prior to filing this claim in the Court of Claims, plaintiff had filed numerous suits in federal district courts. The following cases arose from the same transactions and occurrences involved in this claim; the cases designated by the asterisk are relevant to defendant's motion for summary judgment.

* *Poe v. Kuyk*, No. 76–0005 (D.Hawaii 1976), *aff'd mem.*, 691 F.2d 507 (9th Cir.1982). Action for damages for tortious conduct and mandamus action to order reinstatement. Action dismissed on grounds of intramilitary immunity, res judicata and failure to exhaust administrative remedies.

* *Poe v. Reed*, No. 76–0160 (D.Hawaii 1976), *aff'd mem. sub nom.*, *Poe v. Stetson*, 562 F.2d 56 (9th Cir.1977), *cert. denied*, 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539 (1978). Action for declaratory relief and reinstatement as a commissioned officer. Dismissed on grounds of failure to exhaust administrative remedies.

*Poe v. Mitchell*, No. C–3–76–186 (S.D. Ohio 1976), *aff'd mem.*, 582 F.2d 1280 (6th Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Action alleging tortious conduct of the treating doctor. Dismissed on grounds of intramilitary immunity.

*Poe v. Kuyk*, 448 F.Supp. 1231 (D.Del. 1978), *aff'd mem.*, 591 F.2d 1336 (3rd Cir.), *cert. denied*, 442 U.S. 943, 99 S.Ct. 2886, 61 L.Ed.2d 313 (1979). Action alleging wrongful and malicious arrest. Dismissed on grounds of improper service.

*Poe v. United States*, No. 76–0392 (D.Hawaii 1978), *aff'd mem.*, 577 F.2d 752 (9th Cir.1978), *cert. denied*, 439 U.S. 1047, 99 S.Ct. 723, 58 L.Ed.2d 706 (1978), *reh'g denied*, 440 U.S. 931, 99 S.Ct. 1270, 59 L.Ed.2d 488 (1979). Action for assault, false imprisonment, abuse of process and constitutional violations. Dismissed on grounds of intramilitary immunity.

*Poe v. United States*, No. 77–0049 (D.Hawaii 1977), *aff'd mem.*, 599 F.2d 1058 (9th Cir.1979), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980). Action for trespass and invasion of privacy. Dismissed on *Feres* doctrine grounds.

* *Poe v. Dept. of the Air Force*, No. 77–0262 (D.Hawaii 1977), *aff'd mem.*, 691 F.2d 507 (9th Cir.1982). Mandamus action alleging determinations by the Air Force officials were arbitrary, capricious and contrary to regulations. Dismissed on grounds of intramilitary immunity, res judicata, and failure to exhaust administrative remedies.

Other cases by plaintiff include Freedom of Information Act actions, and one suit to disqualify a trial judge.

In *Poe v. Reed,* the district court granted defendant's motion for summary judgment on the ground that plaintiff had failed to exhaust administrative remedies. The Court of Appeals for the Ninth Circuit affirmed.

In *Poe v. Kuyk* and *Poe v. Dept. of the Air Force,* the district court granted de-

fendant's motions for summary judgment, in one common order, on three grounds: (1) failure to exhaust administrative remedies; (2) intramilitary immunity under *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); and (3) res judicata. The Court of Appeals for the Ninth Circuit affirmed.

◼ The Ninth Circuit, in a military pay case, recognizes a requirement for exhaustion of administrative remedies prior to suit in district court. Exhaustion of administrative remedies in an appeal to service boards for the correction of military records is not a statutorily mandated prerequisite to federal court jurisdiction. The Ninth Circuit requirement is a judicially developed rule that is binding on the district courts of that circuit. Those district courts, however, are recognized to have the discretion to retain jurisdiction pending exhaustion, as dictated by the interests of justice. *Montgomery v. Rumsfeld,* 572 F.2d 250 (9th Cir.1978).

The Court of Claims, in military pay cases, did not follow a judicially developed exhaustion requirement. In cases that involved application of the bar of limitations, the Court of Claims articulated the rule that exhaustion of administrative remedies by resort to correction board procedures was permissive. *Kirby v. United States,* 201 Ct.Cl. 527 (1973). In *Kirby,* plaintiff in a military retirement pay claim brought after the 6-year statute of limitations had run argued that the statute had been tolled while administrative relief was sought. The court held that resort to the post discharge remedies provided by the Air Force through its Discharge Review Board and Board for the Correction of Military Records was permissive in nature and did not serve to toll the running of the statute of limitations.

The rule of the *Kirby* case has been followed by the Court of Claims and the Claims Court in numerous cases. See *Schmidt v. United States,* 3 Cl.Ct. 190, 193 (1983); *Gilmore v. United States,* 228 Ct.Cl. 829, 831 (1981).

◼ The judicially developed exhaustion requirements of the Ninth Circuit are not "common law" rules binding on the Court of Claims or upon this court, and do not collaterally estop plaintiff from pursuing his action in this court. In the Court of Claims and in this court, plaintiff could bypass the Air Force Board for the Correction of Military Records (AFBCMR) and bring an action originally in this court. *Doyle v. United States,* 599 F.2d 984, 1000 (Ct.Cl.1979). Accordingly, defendant's motion for summary judgment must be denied.

Although the Claims Court has jurisdiction to consider plaintiff's claims in the absence of action by the AFBCMR, the question of whether administrative review is appropriate in the interests of justice is discretionary. This court may require the plaintiff to seek administrative relief before the court decides the merits of his claim. *Stewart v. United States,* 611 F.2d 1356 (Ct.Cl.1979). An administrative record always is helpful and often is needed for proper judicial review. The agency can supply expertise in factual analysis. Further in correcting its own errors, the agency preserves the effectiveness of its administrative system. Military departments first should be given a chance to correct their own errors. 611 F.2d at 1361.

◼ The Court of Claims noted that, in its review of military pay claims, deference was accorded the recommendations of the administrative decision makers. Additional de novo evidence was taken in court to provide supplementary information to augment an otherwise incomplete administrative record. A court may rely on the administrative record for its investigatory, nonadversary information. *Brown v. United States,* 396 F.2d 989, 998 (Ct.Cl. 1968); *Beckham v. United States,* 375 F.2d 782, 785 (Ct.Cl.1967).

In this case, action by the AFBCMR is particularly appropriate as a basis for a judicial review and determination. Agency expertise is needed to sift through the amalgam of facts alleged. Plaintiff has a twofold claim: (1) a wrongful separation

from the Air Force in 1974 as a result of medical fraud, and (2) agency action in his permanent separation in 1977 was arbitrary and capricious. Plaintiff's request that this court correct his records, reinstate him at his former rank and grant him backpay, on the facts alleged, makes administrative action in the first instance entirely appropriate in the interests of justice.

This court, accordingly finds that effective judicial review requires an examination by the AFBCMR of the facts plaintiff alleges. The requirement that plaintiff seek administrative relief will not jeopardize by limitations his claims in this court. Jurisdiction will be retained pending further action by plaintiff.

On the basis of the foregoing, defendant's motion for summary judgment is denied. Plaintiff is directed, on or before 60 days from the date of this memorandum, to present his claim to the Air Force Board for the Correction of Military Records, and that Board is requested to consider this matter as expeditiously as may be practicable under its rules. Defendant shall file a report of plaintiff's action to comply with this order, and thereafter shall file reports at 90-day intervals of the status of this matter before the AFBCMR.