Gunnery Sergeant Jesus Roberto
AYALA, Plaintiff,

v.

The UNITED STATES of
America, Defendant.

No. 441–87C.

United States Claims Court.

Oct. 4, 1988.

Jesus Roberto Ayala, New York City, pro se.

E. Richard Southern, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## ORDER

HARKINS, Senior Judge.

This case is before the court on defendant's motion to dismiss pursuant to RUSCC 12(b)(1), for lack of jurisdiction over the subject matter, and RUSCC 12(b)(4), failure to state a claim upon which relief can be granted. Plaintiff's complaint seeks retroactive promotion, back pay, medical benefits and damages arising from a transfer from the Selected Marine Corps Reserves (SMCR) (reservists drilling and receiving pay) to the Independent Ready Reserves (IRR) (reservists in billets for which pay is not authorized). Plaintiff's claim for back pay clearly is within the subject matter jurisdiction of this court. Defendant's motion under RUSCC 12(b)(4), failure to state a claim upon which relief can be granted, does not rest on subject matter jurisdiction. Material outside the pleadings was presented and not excluded. Accordingly, defendant's motion is treated as one for summary judgment, and disposed of as provided in RUSCC 56.

Plaintiff, represented pro se, has pursued his claims in two actions in the United States District Court for the Southern District of New York, and has sought relief before the Board for the Correction of Naval Records (BCNR). The material facts are not in dispute.

Oral argument was held on May 25, 1988. At the close of argument, defendant was directed to file a supplemental brief that addressed the issues identified by the district court in its order transferring the claims to this court: plaintiff's claim for additional back pay under the Reservists Pay Mandating Statute (37 U.S.C. § 206 (1982)) and his claims of discrimination under Title VII of the Civil Rights Act of 1964, Equal Employment Opportunities Act (42 U.S.C. §§ 2000e–1 et seq. (1982)). Defendant has filed a supplemental brief and plaintiff has not exercised his option to file a response.

Gunnery Sergeant Jesus Roberto Ayala enlisted in the Marine Corps on December 21, 1966, and was transferred to Vietnam in August 1967. During the next year he participated in 15 combat operations and was wounded in action on three occasions. He was awarded three Purple Heart Medals, the National Defense Service Medal, Combat Action Ribbon, Vietnam Service Medal with four stars, Vietnam Cross for Gallantry and Presidential Unit Citation. He was released from active duty and transferred to the Marine Corps Reserve on December 18, 1970. In 1971, plaintiff began participating in the active reserve as a "drilling reservist" in the SMCR. Through successive enlistments, he continued in the SMCR until April 27, 1983, at which time he was transferred to the IRR.

Plaintiff contends that the April 27, 1983, transfer to the IRR was the result of racial discrimination and a conspiracy to discriminate. These claims have been investigated by the Marine Corps and considered by the BCNR. The BCNR denied plaintiff's discrimination claims and his request for promotion and promotional back pay but granted his request for reinstatement and pension benefits at his existing rank, and granted in part his request for back pay.

The BCNR determined that plaintiff's transfer, although not based upon illegal discrimination, was improper because of procedural irregularities. On May 5, 1986, the BCNR found "the existence of an injustice warranting a corrective action." This finding was based upon the conclusion that plaintiff's transfer to the IRR was not voluntary but was involuntary, and therefore subject to procedural safeguards with which there had not been compliance.

The BCNR directed that plaintiff's naval records be corrected to show that he was not transferred from the SMCR to the IRR on April 27, 1983, but has continued to serve in the SMCR continuously since that date, earning sufficient points in the succeeding years for those years to qualify as creditable for retirement from the Marine Corps Reserve. On August 13, 1986, the BCNR amended its recommendation and directed that plaintiff's record be further corrected to reflect attendance at a sufficient number of drills to earn the 50 points required for retirement so as to authorize the expenditure of funds to reflect such attendance.

Plaintiff's record has been corrected in accordance with the BCNR decision, and back pay in the net amount of $4,261.24 has been tendered to him. As of December 20, 1986, he has been credited with 20 years satisfactory service, making him eligible to retire and to draw retirement pay commencing at age 60. In November 1986, to protect his retirement eligibility, his enlistment was extended for 90 days. On February 5, 1987, plaintiff re-enlisted for 4 years.

In the United States District Court for the Southern District of New York, plaintiff's first action was filed May 17, 1985, seeking retroactive pay and promotion, medical care, pension benefits and $17 million in damages. *Ayala v. United States*, 624 F.Supp. 259 (S.D.N.Y.1985). That case was dismissed for lack of subject matter jurisdiction under the Federal Tort Claims Act (*Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)) and for failure to exhaust administrative remedies before the BCNR.

In the second action filed July 21, 1986, 86 CIV 4963 (RWS), the court stated:

Ayala's claims for damages for alleged racial discrimination and conspiracy to discriminate can be interpreted as claims under Title VII, 42 U.S.C. §§ 2000e–1 et seq., the Reservists Pay Mandating Statute, 37 U.S.C. § 206 (1982), the Ku Klux Klan Act, 42 U.S.C. § 1985(3), the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., or as a Bivens-type claim under the Fourteenth Amendment.

Plaintiff's claims based on the Federal Tort Claims Act and the Bivens-type claims were dismissed under the authority of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) and *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). Inasmuch as plaintiff's back pay claims were found to exceed $10,000, the case was transferred to this court in the interest of justice pursuant to 28 U.S.C. § 1631 (1982).

The standard applicable to claims presented pro se requires the pleadings and motion papers to be examined to determine whether, in the light most favorable to plaintiff, they can be construed as stating a claim for which relief can be granted under any theory within the court's jurisdiction. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1971).

Plaintiff contends that had he been permitted to remain in the SMCR he would have been promoted, and, since the BCNR has corrected his record to reflect continuous service in the SMCR, he is entitled to back pay based on such promotion. Retroactive promotion cannot be granted by this court. This court has no authority to order a promotion absent a statute or regulation entitling plaintiff to the promotion as a matter of law. Hardly any rule of law is more well established than the one to the effect that courts are not empowered to direct the promotion of military personnel. *See Voge v. United States*, 844 F.2d 776 (Fed.Cir.1988); *Schuenemeyer v. United States*, 4 Cl.Ct. 649 (1984); *Doggett v. United States*, 207 Ct.Cl. 478 (1975); *Selman v. United States*, 498 F.2d 1354, 204 Ct.Cl. 675 (1974). Plaintiff's claim for back

pay based upon a failure to promote, accordingly, cannot be allowed.

■■■ Plaintiff contends the BCNR erred in its failure to allow his discrimination claims and his request for promotion. Exhaustion of administrative remedies in an appeal to service boards for the correction of military records is not a statutorily mandated prerequisite to federal court jurisdiction. The Court of Claims in military pay cases did not follow the judicially developed requirement for exhaustion of administrative remedies. The Court of Claims articulated the rule that exhaustion of administrative remedies by resort to correction board procedures was permissive. *Kirby v. United States*, 201 Ct.Cl. 527 (1973); *Poe v. United States*, 7 Cl.Ct. 40, 42 (1984). Once a plaintiff has sought relief from a correction board, however, the plaintiff is bound by that board's determination unless he can satisfy the difficult standard of proof that the correction board's decision was illegal because it was arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, or money is due. *Sanders v. United States*, 594 F.2d 804, 811, 219 Ct.Cl. 285 (1979). The record does not support plaintiff's challenge. The action of the BCNR was not arbitrary or capricious and it is supported by substantial evidence.

■ Plaintiff also would have the court recommend to the BCNR alternative action to correct the injustice it found and to take steps to assure a study to provide a better way to address discrimination complaints. Except in limited tax matters not applicable here, this court has no authority or jurisdiction to render declaratory judgments. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1984); *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

■ Plaintiff's request for $17 million damages to compensate for post-Vietnam traumatic disorders, and for not having an adequate process for addressing discrimination complaints, amounts to a request for tort damages. The Tucker Act is explicit in withholding any consent to be sued in this court on claims sounding in tort. 28 U.S.C. § 1491(a)(1) (1982).

■ The BCNR corrected plaintiff's records to show continuous service in the SMCR and attendance at a sufficient number of drills to earn the requisite 50 points to qualify for retirement, with compensation for such attendance. Plaintiff contends his back pay claim should include compensation for all drills held in his unit during that period. The BCNR has discretion to take such action as necessary to correct an error or remove an injustice. 10 U.S.C. § 1552 (1982). The BCNR's action was within the scope of its discretion, and was reasonable in the circumstances.

Plaintiff may not recover additional back pay for his constructive service in the SMCR as a result of the BCNR action. Under the Reservists Pay Mandating Statute, a reservist is not entitled to compensation at the prescribed rate unless he is ordered to perform and actually performs the work. Compensation is not based on status as a reservist. *See United States v. Wickersham*, 201 U.S. 390, 26 S.Ct. 469, 50 L.Ed. 798 (1906). Plaintiff has not in fact performed the drills in the SMCR and, accordingly, may not be compensated under 37 U.S.C. § 206 (1982).

■ Section 2000e–16, Title 42, United States Code, brings federal employees within the prohibition of discrimination contained in Title VII of the Civil Rights Act of 1964. Title VII provides the exclusive remedy for discrimination in federal employment. *Brown v. GSA*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). Actions based on discriminatory animus must be brought in district courts and not in the Claims Court. 42 U.S.C. § 2000e–5(f)(3). *Hadley v. Dept. of Navy*, 229 Ct.Cl. 591 (1981); *Williams v. United States*, 546 F.2d 431, 212 Ct.Cl. 544 (1976). Inasmuch as the BCNR determination that plaintiff was not the subject of discriminatory treatment is not subject to challenge, transfer of this part of plaintiff's claim to

the district court would not be in the interest of justice. 28 U.S.C. § 1651 (1982).

Accordingly, defendant's December 1, 1987, motion, treated as a motion for summary judgment, is allowed. The Clerk is directed to dismiss the complaint. No costs.