897 F.2d 538
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard A. BANKS, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary of the Navy, Defendant-Appellee.
 No. 89-1485.
 United States Court of Appeals, Federal Circuit.
 Feb. 9, 1990.
Rehearing Denied March 12, 1990.
Suggestion for Rehearing In Banc Declined March 23, 1990.
 
 Before NIES and MICHEL, Circuit Judges, and PETER BEER, District Judge.*
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 The decisions of the United States District Court for the Eastern District of Virginia, Civil No. 86-0923-A, dismissing Appellant's (1) Little Tucker Act claim (Oct. 27, 1988), (2) Privacy Act claim (July 29, 1988), and (3) first amendment claim (Feb. 1, 1989), all the claims in his complaint, are affirmed.
 
 OPINION
 
 2
 Appellant asserts this court has jurisdiction under 28 U.S.C. Sec. 1295(a)(2) (1982). We do have exclusive jurisdiction over "an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C.] section 1346 [with exceptions not pertinent here, e.g., a tax claim]." Id. Section 1346(a)(2), part of what is commonly known as the Tucker Act, provides "district courts shall have original jurisdiction ... of [any nontort] civil action or claim against the United States, not exceeding $10,000...." Appellant asserted a nontort claim against the United States not exceeding $10,000 and therefore the District Court for the Eastern District of Virginia had original subject matter jurisdiction under 28 U.S.C. Sec. 1346(a)(2). We therefore have jurisdiction to hear this appeal. 28 U.S.C. Sec. 1295(a)(2).
 
 I. The Little Tucker Act Claim
 
 3
 Appellant has stated a claim under the Tucker Act sufficient to avoid dismissal only if he has demonstrated a substantive right, independent of the Tucker Act, to payment of money by the United States because the Tucker Act itself does not establish a right to payment but merely waives sovereign immunity (and grants jurisdiction to the district courts and the Claims Court). See United States v. Testan, 424 U.S. 392, 398 (1976).
 
 
 4
 Appellant claims he is due back pay under 37 U.S.C. Secs. 206(a) and 204(a)(2) (1982). Neither section, however, establishes his right to payment. Section 206(a) merely mandates payment to reservists "for each regular period of instruction, or period of appropriate duty, at which he is engaged...." Appellant performed no reserve unit drills for pay after his transfer to a non-paying position and thus was not entitled to payment following his transfer, the only period at issue in this appeal. Section 204(a)(2) provides for payment to a reservist who "is participating" in training or other full-time duty. Appellant did not so participate and therefore is not entitled to payment under this section either. Cf. Ayala v. United States, 16 Cl.Ct. 1, 4 (1988) ("[A] reservist is not entitled to compensation ... unless he is ordered to perform and actually performs the work. Compensation is not based on status as a reservist." (citing United States v. Wickersham, 201 U.S. 390 (1906))).
 
 
 5
 Because Appellant has not demonstrated a substantive right to payment by the United States separate from 28 U.S.C. Sec. 1346(a)(2), the district court properly dismissed his Little Tucker Act claim as he failed to state a claim upon which relief could be granted. See Fed.R.Civ.P. 12(b)(6).
 
 
 6
 II. The First Amendment and Privacy Act Claims
 
 
 7
 Appellant also alleged violations of his first amendment and Privacy Act rights that, he asserted, entitle him to reinstatement. The district court dismissed these claims as well, in orders dated, respectively, February 1, 1989, and July 29, 1988. Our review of Appellant's first amendment and Privacy Act claims is required by Hohri v. United States, 482 U.S. 64 (1987), because the Supreme Court said that "a mixed case, presenting both a nontax Little Tucker Act claim and an FTCA claim, may be appealed only to the Federal Circuit." Id. at 75-76. Clearly, that means that our court is also to decide the non-Tucker Act claims.
 
 
 8
 To prevail on appeal from dismissal of these claims Appellant must show his first amendment rights have been violated. To do so, he would have the burden to show, from the record evidence, either that he acted not in his official capacity, but as a private citizen, or if he did act in his official capacity, his speech interest outweighs the government's interest in uniformity, esprit de corps and discipline. See Banks v. Garrett, Civil No. 86-0923-A, slip op. at 14 (E.D.Va. Feb. 1, 1989). In effect, we would have to hold unconstitutional Article 1149 of Chapter 11 of the Navy Regulations, which prohibits persons in naval service from writing Congress in their official capacity without permission of the Secretary (which Captain Banks decidedly lacked). See Navy Regs. (1973), Article 1149. This we decline to do as the provision clearly passes constitutional muster. See Goldman v. Weinberger, 475 U.S. 503 (1986). There are adequate alternative avenues of communication because a corollary provision, Article 1148, unconditionally permits an officer to write Congress in his private capacity, and Article 1149 allows him to write letters in an official capacity if reasonable conditions are met. The trial court properly balanced the first amendment interest of Banks, as a public employee, against the government employer's interest, and correctly held that the Naval regulations "are valid and not a violation of the First Amendment." Banks, slip op. at 15.
 
 
 9
 That Captain Banks did act in his official capacity is clear. The trial court found that Appellant "used official Navy letterhead, wrote his letter as the Commander [of the squadron], and signed the letter in his official capacity as Commander." Id. at 11; see Banks v. Garrett, No. 89-1485, Joint App. 121-22 (letter). It found he acted in his official capacity. Banks, slip op. at 15. We cannot disagree. Thus, the first amendment claim and the derivative Privacy Act claim were properly dismissed. See Boyd v. Secretary of Navy, 709 F.2d 684, 687 (11th Cir.1983), cert. denied, 464 U.S. 1043 (1984) (The Privacy Act, 5 U.S.C. Sec. 552a(e)(7), is not violated unless a document "implicate[s] an individual's first amendment rights.").
 
 
 10
 We have also considered Appellant's additional arguments relating to the first amendment and Privacy Act claims and determine that they neither have merit nor merit discussion.
 
 
 
 *
 The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation