**Eldon L. VANDER ZYL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1596C.**

United States Court of Federal Claims.

April 7, 1993.

James L. Sayre and Deborah Groene, Des Moines, IA, for plaintiff.

Ellen M. McElligott, Washington, DC, with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. Lieutenant Colonel W. Gary Jewell and Captain Jill M. Grant, Dept. of the Army, of counsel.

## OPINION

MARGOLIS, Judge.

This case is before the court on defendant's motion to dismiss for lack of jurisdiction. Plaintiff appeals a decision of the Army Board for Correction of Military Records ("ABCMR") denying an appeal of his discharge from the U.S. Army Reserve ("USAR"). Defendant asserts that this court lacks subject matter jurisdiction to entertain plaintiff's amended complaint. Defendant asserts that, because plaintiff's discharge occurred after he completed his orders and the Army paid him, plaintiff has no claim for actual, presently-due money damages. After careful consideration of the record, and after hearing oral argument, this court grants defendant's motion to dismiss.

## FACTS

Plaintiff, Eldon L. Vander Zyl ("Vander Zyl"), served in the Iowa Army National Guard between 1970 and 1984. In July of 1983, Vander Zyl pled guilty to a misdemeanor charge of indecent exposure. On November 8, 1983, the Adjutant General of the Iowa National Guard recommended withdrawing Vander Zyl's Federal Recognition to the Commander, Fifth United States Army ("the Commander"). An efficiency board, appointed by the Commander, met on February 11, 1984 and recommended withdrawal of Vander Zyl's Federal Recognition.

On his request, the Army transferred Vander Zyl to the USAR. As a condition of his acceptance as a USAR officer, Vander Zyl underwent a psychiatric evaluation on February 20, 1985 at the Veterans Administration Hospital in Knoxville, Iowa. The evaluation results were favorable.

Vander Zyl was assigned to USAR Control Group Reinforcing. He served as an Army Instructor on several assignments during 1985. On August 8, 1985, plaintiff, at his request, was reassigned as an active Instructor in the 5040th USAR School in Des Moines, Iowa. From that time, until his discharge on August 1, 1987, Vander Zyl served with the 5040th USAR School and performed tours of duty with other USAR Schools during the summers of 1986 and 1987. Vander Zyl received numerous accolades and was recommended for early promotion to Lieutenant Colonel before the 1983 incident came to someone's attention.

Then, on July 28, 1987, Vander Zyl was involuntarily discharged from the USAR effective August 1, 1987, pursuant to Army Regulation 135–175 ¶¶ 1–13h and 4–4a(10), as a result of the 1983 incident. At the time his discharge was issued, Vander Zyl was serving on active duty training ("ADT") in Hattiesburg, Mississippi under orders dated July 14, 1987 ("July 14 orders"). The July 14 orders were for a 14-day period beginning at 1700 hours (5 p.m.) on July 19, 1987, and included "allowable travel time." Pl.'s Am. Compl. Ex. B. Plaintiff completed the training specified in the July 14 orders and was paid fully for his services.

At the time of his discharge, Vander Zyl had a second set of orders outstanding, dated July 13, 1987 ("July 13 orders"). Vander Zyl was scheduled to report to Fort McCoy, Wisconsin on August 8, 1987 for a 10-day period. Vander Zyl did not perform the July 13 orders due to his August 1

discharge, which terminated all USAR appointments.

Vander Zyl appealed his discharge to the ABCMR, which solicited an advisory opinion from a military staffing agency. The agency recommended that a Board of Officers be convened to reconsider Vander Zyl's case on a show cause basis. On March 12, 1990, contrary to the agency's advisory opinion, the ABCMR denied Vander Zyl's appeal. Plaintiff appeals the ABCMR's decision to this court seeking money damages (back pay and allowances) and equitable relief.

## DISCUSSION

■ Defendant moves to dismiss plaintiff's amended complaint on the ground that this court lacks jurisdiction. To invoke this court's jurisdiction, plaintiff must demonstrate an entitlement to actual, presently-due money damages. *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *United States v. King*, 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). "Once a plaintiff has sought relief from the [Board for Correction of Military Records], such plaintiff is bound by that board's determination unless he can meet the difficult standard of proof that the Correction Board's decision was illegal ... and *money is due.*" *Sanders v. United States*, 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979) (emphasis supplied).

Vander Zyl's entitlement was limited to compensation for the ADT orders he received and actually performed. *Ayala v. United States*, 16 Cl.Ct. 1, 4 (1988). Entitlement to compensation does not arise from Vander Zyl's status as a reservist. *Id.* (citing *United States v. Wickersham*, 201 U.S. 390, 26 S.Ct. 469, 50 L.Ed. 798 (1906)).

Plaintiff asserts that this court has jurisdiction because he was on active duty at the time of his discharge. However, Vander Zyl had just completed one order and was scheduled to embark on another at the time the Army terminated him. Although the discharge was dated July 28, 1987, its effective date was August 1, 1987, coinciding with the completion of the July 14 orders. Vander Zyl completed the July 14 orders. The USAR paid him in full for that assignment.

Plaintiff argues that the July 14 orders included "allowable travel time" and that he did not in fact return until August 2, 1987, after his August 1, 1987 termination date. Even accepting *arguendo* plaintiff's contention that he was terminated prematurely, this court lacks jurisdiction because Vander Zyl does not claim that payment for the "allowable travel" period is presently-due. *Sanders*, 219 Ct.Cl. at 295–98, 594 F.2d at 809–11.

USAR's cancellation of the July 13 orders specifying a scheduled August training session does not confer jurisdiction on this court. The USAR was free to amend Vander Zyl's orders to relieve him of the obligation to report for ADT. *See* 10 U.S.C. § 681(a); *Sargisson v. United States*, 913 F.2d 918, 921 (Fed.Cir.1990). Further, Vander Zyl was not entitled to compensation from that training session since he had performed no work in connection with it. *Heim v. United States*, 22 Cl.Ct. 341, 344 (1991), *aff'd*, 949 F.2d 403 (Fed.Cir.1991); *see* 37 U.S.C. § 206(a)(3); *Ayala*, 16 Cl.Ct. at 4.

## CONCLUSION

For the foregoing reasons, this court grants defendant's motion to dismiss. Plaintiff's amended complaint is dismissed. The clerk is directed to enter judgment accordingly. No costs.