Sheldon Lamar HUNT, Plaintiff–
Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 02–5174.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 9, 2003.

Rehearing En Banc Denied
June 20, 2003.

Before LOURIE, GAJARSA, and
LINN, Circuit Judges.

PER CURIAM.

After Staff Sergeant Sheldon Lamar Hunt ("Sgt. Hunt") submitted a signed Request for Disposition Prior to Graduation, indicating his voluntary resignation from the Army's Officer Candidate School ("OCS"), he brought this action in the Court of Federal Claims seeking back pay for six years active duty in the grade of captain and accompanying benefits; promotion to captain; six years active duty credit; expungement of all negative evaluations while at OCS; and travel pay from Newark, New Jersey, to Baton Rouge, Louisiana, for six years. *Hunt v. United States*, 52 Fed. Cl. 810 (2002). The Court of Federal Claims granted the government's motion for summary judgment for failure to state a claim upon which relief can be granted, and Sgt. Hunt timely appealed. Because Sgt. Hunt failed to state a claim upon which relief could be granted, we *affirm* the decision of the Court of Federal Claims in favor of the government.

## DISCUSSION

■ The primary problem with Sgt. Hunt's case is that he fails to establish that he has a substantive right to recover money damages from the United States, a prerequisite for obtaining relief under the Tucker Act. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114

(1976). The present action is not one concerning a wrongful discharge or a wrongful suspension. Sgt. Hunt does not even claim that he has been denied the benefit of a position to which he should have been, but was not, appointed, the claim that the Supreme Court in *Testan* found insufficient. Rather, Sgt. Hunt's claim is even further removed from the claim in *Testan.* Sgt. Hunt submitted a signed Request for Disposition Prior to Graduation, in which he indicated that he lacked the commitment to complete the course and acknowledged that, "I make this statement freely and without coercion." After his resignation was approved, Sgt. Hunt was released from OCS ten days before graduation, was not "recycled" back through OCS, and did not earn his commission as an officer. Nevertheless, Sgt. Hunt asks, *inter alia,* for a promotion to captain, the opportunity that was denied him by his allegedly involuntary resignation.

■ Even if this court were to grant Sgt. Hunt the relief he seeks pursuant to 37 U.S.C. § 204, there is no money to be awarded as a consequence of that relief. Sgt. Hunt can only be paid under 37 U.S.C. § 204 if this court could retroactively appoint him to the rank of captain and retroactively compensate him as if he had been so appointed, which it cannot. *See Testan,* 424 U.S. at 402. Because Sgt. Hunt was never appointed to the rank of captain and never performed any duties as a captain, he cannot be entitled to back pay at that rank under 37 U.S.C. § 204. In short, even if this court grants the requested relief, Sgt. Hunt's claim to pay is purely speculative because "[t]he established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it." *Id.,* 424 U.S. at 402.

Sgt. Hunt argues that, at the time his resignation was at issue, the government's deceptive information, misinformation, and procedural error caused him to leave OCS before graduating. Both the Court of Federal Claims and the United States District Court for the District of New Jersey, which considered the same factual issue in *Hunt v. Armbrister,* No. 97–CV–4 (D.N.J. Apr. 29, 1997), found that Sgt. Hunt failed to overcome the presumption that his resignation from OCS was voluntary. But even assuming, *arguendo,* that the resignation was involuntary, the Court of Federal Claims could not grant relief by way of a money award, because the decision to promote him to captain would still remain unmade.

We have reviewed the other arguments made by Sgt. Hunt, including the argument that the refusal of the Army Board for Correction of Military Records to change his records deprived him of pay. We find that none of those arguments dictate a result different from that properly reached by the Court of Federal Claims.

### COSTS

No costs.